HOLMES, Judge.
This child custody case involves the same issue resolved in our recent decision of Davis v. Sparks, [Ms. May 30, 1984] (Ala.Civ.App.1984). That issue is whether the circuit court’s original jurisdiction encompasses an action by a putative father to determine the paternity of an illegitimate child.
In his complaint plaintiff, Tommy Eddy, alleged that he is the father of Christy Lee Lyle, a minor child born to defendant, Jean E. Lyle, on February 24, 1980, and that Ms. Lyle was not married at the time that Christy was born. He also alleged that since the child was born, he has visited her, claimed her as his own, and contributed to her support.
Presently, the child is in the custody of her maternal grandmother, who, according to the plaintiff, has on several occasions threatened to not let him see Christy anymore. Plaintiff asked the court to order a blood test, adjudge him to be the natural father of Christy/ and to award him either custody or specific visitation rights.
On March 3, 1984, the trial court dismissed the plaintiff’s action, giving as its reason “that the application by a putative father to recognize or legitimate a child born out of wedlock is not within the original jurisdiction of the Circuit Court.” Sub *878 sequently, on May 30, 1984, in the Davis v. Sparks decision, in an opinion issued on rehearing, our distinguished colleague Judge Scruggs made the following observation:
“A recent addition to the Alabama Code confers concurrent jurisdiction in paternity actions upon juvenile courts, district courts, and circuit courts. § 38-10-7, Code 1975. This was a circuit court case. It was filed in a proper forum.”
On the basis of this authority, the decision below is due to be reversed.
The appellee has requested an attorney’s fee for representation on appeal. The request is denied.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.